# ORIGINAL

# In the United States Court of Federal Claims

No. 17-560C
(Filed: May 3, 2017)

* * * * * * * * * * * * * * * * * * * * *

ANDREW U.D. STRAW,

        *Plaintiff,*

v.

THE UNITED STATES,

        *Defendant.*

* * * * * * * * * * * * * * * * * * * * *

**FILED**

MAY – 3 2017

U.S. COURT OF
FEDERAL CLAIMS

---

## ORDER

---

Plaintiff filed a complaint on April 20, 2017, seeking $27,100,000 for damages allegedly suffered by him, his mother, and his brother as a result of poisoning that he and his family suffered while his father and family were stationed at several military bases located in the United States. The complaint alleges that plaintiff's father was regularly exposed to toxic substances during his service in the Marine Corps and that his mother was also exposed to those substances when she cleaned his father's uniform. These toxins then made their way to plaintiff *in utero*, alleges the complaint. The complaint alleges that plaintiff and his family have suffered injuries, pain, and suffering as a result.[1]

Plaintiff alleges a right not to have been poisoned by the federal government and to have been promptly notified of the poisoning. Plaintiff cites

---

[1] The complaint also asks for damages for plaintiff's stepfather, presumably for the emotional pain and suffering of losing his wife, and for physical injuries suffered by plaintiff's brother and plaintiff's daughter. The complaint is not clear, but we presume that the injuries to plaintiff's brother and daughter are also alleged to have been caused by direct exposure to toxic substances or inherited as birth defects caused by those substances.

7012 3460 0001 7791 8057

the Fifth and Ninth Amendments to the Constitution for support. He also asserts that jurisdiction attaches here under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), in which the Supreme Court held that an individual can bring a suit for damages in federal court for the deprivation of constitutional rights by individual federal agents.

Defendant has not yet responded to the complaint, but we need not wait for a response because it is clear on the face of the document that this court does not have jurisdiction. *See* RCFC 12(h)(3) (mandating that the court dismiss an action whenever it ascertains that it lacks jurisdiction). The allegations in the complaint concern tort claims over which this court has no jurisdiction.

The Tucker Act, this court's primary grant of jurisdiction, gives this court jurisdiction to hear claims for monetary damages against the United States based on a constitutional, statutory, regulatory, or contractual right to the payment of money from the United States. 28 U.S.C. § 1491 (2012). Specifically excluded from our jurisdiction, however, are cases "sounding in tort." *Id.* (granting jurisdiction over monetary claims "not sounding in tort"). Personal injuries of the type alleged in the complaint, either the result of negligence or intentional misconduct, even on the part of government agencies, are not actionable in this court. They are tort claims.

Additionally, although the complaint invokes the Fifth Amendment and its protections against government invasion of liberty and property rights, plaintiff has not pled a Fifth Amendment taking claim which might otherwise be cognizable in this court. Plaintiff has not alleged that his real or personal property was physically invaded or taken or that some intangible property right was diminished as a result of government action or inaction. Thus, plaintiff has not alleged a taking claim that would give rise to jurisdiction in this court.

Claims for deprivation of rights without due process are similarly outside of our jurisdiction. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Nor does the Ninth Amendment provide any recourse here. *Royce v. United States*, 1 Cl. Ct. 225, 226 (Cl. Ct. 1982) (holding that the Ninth Amendment does not mandate the payment of money). Likewise, this court has no jurisdiction over *Bivens* claims. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). In sum, the complaint must be dismissed for lack of subject matter jurisdiction.

As a further matter, the exhibits attached to the complaint include the dates of birth for several individuals mentioned in the complaint. As a prophylactic measure, the clerk's office sealed those documents because that information can

2

be protected from public access upon request by a party.  Rule 5.2, however, puts the onus for protecting privacy on the party filing the documents, not the court. Because plaintiff has not requested that those documents be maintained under seal, they will not be.  Accordingly, the following is ordered:

1.  The clerk's office is directed to unseal the documents attached to the complaint.

2.  The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and to enter judgment accordingly.

ERIC G. BRUGGINK
Senior Judge